*484 Justice Breyer,
concurring.
I agree with the Court and join its opinion. I do so, however, on the understanding that the “government speech” doctrine is a rule of thumb, not a rigid category. Were Pleasant Grove City (City) to discriminate in the selection of permanent monuments on grounds unrelated to the display’s theme, say, solely on political grounds, its action might well violate the First Amendment.
In my view, courts must apply categories such as “government speech,” “public forums,” “limited public forums,” and “nonpublic forums” with an eye toward their purposes — lest we turn “free speech” doctrine into a jurisprudence of labels. Cf. United States v. Kokinda, 497 U. S. 720, 740-743 (1990) (Brennan, J., dissenting). Consequently, we must sometimes look beyond an initial categorization. And, in doing so, it helps to ask whether a government action burdens speech disproportionately in light of the action’s tendency to further a legitimate government objective. See, e. g., Ysursa v. Pocatello Ed. Assn., ante, at 365-368 (Breyer, J., concurring in part and dissenting in part); Nixon v. Shrink Missouri Government PAC, 528 U. S. 377, 404 (2000) (Breyer, J., concurring).
Were we to do so here, we would find — for reasons that the Court sets forth — that the City’s action, while preventing Summum from erecting its monument, does not disproportionately restrict Summum’s freedom of expression. The City has not closed off its parks to speech; no one claims that the City prevents Summum’s members from engaging in speech in a form more transient than a permanent monument. Rather, the City has simply reserved some space in the park for projects designed to further other than free-speech goals. And that is perfectly proper. After all, parks do not serve speech-related interests alone. To the contrary, cities use park space to further a variety of recreational, historical, educational, esthetic, and other civic interests. To reserve to the City the power to pick and choose *485 among proposed monuments according to criteria reasonably-related to one or more of these legitimate ends restricts Summum’s expression, but, given the impracticality of alternatives and viewed in light of the City’s legitimate needs, the restriction is not disproportionate. Analyzed either way, as “government speech” or as a proportionate restriction on Summum’s expression, the City’s action here is lawful.